■ GERARDO PAZMINO, Respondent, v UNIVERSAL DISTRIBUTORS, LLC, et al., Appellants. [845 NYS2d 401]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kurtz, J.), dated January 12, 2007, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident on August 24, 2002 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. In the most recent medical report of Dr. Hausknecht, the plaintiff's treating neurologist, dated June 27, 2006, he noted that the plaintiff was involved in "several" accidents since he last examined the plaintiff a year earlier. Rather than address those accidents, Dr. Hausknecht simply concluded that the significant range of motion limitations in the plaintiff's cervical and lumbar spine, as well as the injuries noted in the plaintiff's magnetic resonance imaging reports, were the result of the subject accident. These conclusions were clearly rendered speculative in light of the fact that he failed to address what those prior accidents involved (*see Moore v Sarwar,* 29 AD3d 752 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The magnetic resonance imaging reports of the plaintiff's cervical and lumbar spine, dated October 2002, merely showed evidence that the plaintiff had disc herniations and bulges in those regions of his spine at that time. This Court has held that the mere existence of a herniated or bulging disc, and even radiculopathy, is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Tran s Corp.,* 30 AD3d 509 [2006]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]; *see also Furrs v Griffith,* 43 AD3d 389 [2007]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.