In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 26, 2007, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Christopher Geliga, Lionel Alicea, and Cecilia Cienfuegos on the ground that none of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants’ motion which were for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Christopher Geliga and Lionel Alicea and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
*519 The plaintiffs Lionel Alicea and Cecilia Cienfuegos, among others, were passengers in a motor vehicle operated by the plaintiff Christopher Geliga, when it was involved in an accident with the defendants’ vehicle. After the instant action was commenced, the defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted by Alicea, Cienfuegos, and Geliga (hereinafter collectively the plaintiffs) on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).
The defendants established, prima facie, that the plaintiffs’ injuries were not serious through the submission, inter alia, of the affirmed medical reports of the defendants’ retained expert orthopedist and expert neurologist, who examined the plaintiffs and concluded that the injuries did not fall within any of the statutory categories of serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition to the defendants’ showing, Geliga and Alicea failed to raise a triable issue of fact, but Cienfuegos did.
Each of the plaintiffs’ alleged injuries concededly did not prevent them from performing “substantially all” of the material acts constituting their customary daily activities during at least 90 out of the first 180 days following the accident (see Sanchez v Williamsburg Volunteer of Hatzolah, Inc., 48 AD3d 664, 665 [2008]). In particular, Geliga acknowledged at his deposition that he missed approximately one month of work as a result of the subject accident, while Alicea acknowledged at his deposition that he did not miss any work as a result of the accident. At her deposition, Cienfuegos acknowledged that she did not miss any school as a result of the accident.
Moreover, in his affidavit, Emil Stracar, the plaintiffs’ treating physician, noted that both Geliga and Alicea had been involved in prior motor vehicle accidents. Rather than address those accidents, Stracar simply concluded that the significant range-of-motion limitations in these plaintiffs’ cervical and lumbar spines, as well as the injuries noted in these plaintiffs’ magnetic resonance imaging reports, were the result of the subject accident. “These conclusions were clearly rendered speculative in light of the fact that he failed to address what those prior accidents involved” (Pazmino v Universal Distribs., LLC, 45 AD3d 554, 555 [2007]; see Tudisco v James, 28 AD3d 536 [2006]; Allyn v Hanley, 2 AD3d 470, 471 [2003]).
Cienfuegos, however, was not involved in a prior accident. Stracar’s affidavit, which was submitted on behalf of Cienfuegos in opposition to the defendants’ motion, raised a triable issue of *520 fact as to whether she sustained a “significant limitation” of use of a body function or system as a result of the accident (see Insurance Law § 5102 [d]). Stracar’s opinion was based upon objective and quantified range-of-motion data obtained through the use of an inclinometer, reflecting the extent of restricted cervical and lumbar flexion and extension as compared to the norm (see Garner v Tong, 27 AD3d 401 [2006]; Kraemer v Henning, 237 AD2d 492, 493 [1997]).
The defendants’ remaining contentions either are without merit or have been rendered academic in light of our determination. Prudenti, EJ., Mastro, Fisher and Dillon, JJ., concur.