■ ANNETTE OGINSKY, Appellant, v DIMITRY RASPORSKAYA, Respondent. [928 NYS2d 638]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated August 12, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that as a result of the subject accident, the cervical and lumbosacral regions of her spine, as well her knees, sustained certain injuries. The plaintiff also alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d). However, the defendant provided competent medical evidence establishing, prima facie, that the alleged injuries to the lumbosacral region of the plaintiff's spine (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and the alleged injuries to the plaintiff's knees (*see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *cf. Thompson v Katz*, 5 AD3d 760, 760-761 [2004]), did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956). The defendant also provided competent medical evidence establishing, prima facie, that those alleged injuries, as well as the alleged injuries to the cervical region of the plaintiff's spine, were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]; *Jilani v Palmer*, 83 AD3d 786 [2011]). Finally, the defendant submitted evidence establishing, prima facie, that the plaintiff did not sustain an injury or impairment which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for more than 90 days during the 180 days immediately following the subject accident (*cf. Scott v Hing Chee Leung*, 287 AD2d 612 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32251(U).]**