■ Yves Frederique, Appellant, v Debra M. Krapf et al., Respondents. [926 NYS2d 170]—

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that, as a result of the subject accident, he sustained certain injuries to his left hip, the cervical and lumbosacral regions of his spine, and his left knee. However, the defendants provided competent medical evidence establishing, prima facie, that none of those alleged injuries constituted a serious injury under the permanent consequential or significant limitation of use categories within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). Furthermore, while the plaintiff also alleged that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), the defendants provided evidence establishing, prima facie, that during the 180-day period immediately following the subject accident, he did not have an injury or impairment which, for more than 90 days, prevented him from performing substantially all of the acts that

constituted his usual and customary daily activities (*cf. Ingram v Doe,* 296 AD2d 530, 531 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.