■ DEBORAH A. QUINTANA, Respondent, v ARENA TRANSPORT, INC., et al., Appellants. [933 NYS2d 379]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' evidentiary submissions, including the affirmed report of their examining neurologist, established, prima facie, that none of the injuries the plaintiff allegedly sustained to the cervical and lumbar regions of her spine, and to her head, shoulders, and wrists, constituted a serious injury under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Frederique v Krapf*, 86 AD3d 533 [2011]; *Lively v Fernandez*, 85 AD3d 981, 982 [2011]; *Oginsky v Rasporskaya*, 85 AD3d 990 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]). Further, since the plaintiff did not allege in her bill of particulars that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days following the subject accident, the defendants were not required to address this category of serious injury in their motion (*see Ali v Mirshah*, 41 AD3d 748, 749 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's treating expert in physical medicine and rehabilitation was unaffirmed and, thus, insufficient to raise a triable issue of fact as to whether any of her alleged injuries constituted a serious injury (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Lively v Fernandez*, 85 AD3d at 982; *D'Orsa v Bryan*, 83 AD3d 646, 647 [2011]; *Resek v Morreale*, 74 AD3d 1043, 1044 [2010]). Moreover, while the plaintiff's treating orthopedist concluded in an affirmed report that she had restricted range of motion in her cervical spine, and mildly restricted range of motion in her right wrist, his report failed to set forth the actual ranges of motion achieved by the plaintiff, and failed to compare these findings to the

normal range of motion. Thus, the orthopedist's report was insufficient to raise a triable issue of fact as to whether the injuries to the plaintiff's cervical spine and right wrist constituted a serious injury under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Johnson v Tranquille*, 70 AD3d 645, 646 [2010]; *Berson v Rosada Cab Corp.*, 62 AD3d 636, 637 [2009]; *Morris v Edmond*, 48 AD3d 432, 433 [2008]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.