■ ROSEMARIE TINYANOFF et al., Respondents, v KRYSTYNA A. KUNA et al., Appellants. [949 NYS2d 203]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated December 12, 2011, as denied those branches of their motion which were for summary judgment dismissing the second and third causes of action on the ground that the plaintiff Jonathan Tinyanoff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action are granted.

The defendants met their prima facie burden of showing that the plaintiff Jonathan Tinyanoff (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, the injured plaintiff sustained injuries to the cervical region of his spine. The defendants provided competent medical evidence establishing, prima facie, inter alia, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the injured plaintiff sustained a serious injury to the cervical region of his spine under the permanent loss of use, the permanent consequential limitation of use, or the significant limitation of use categories of Insurance Law § 5102 (d). The affidavit of the injured plaintiff's treating chiropractor failed to quantify, on the basis of objective testing, the limitations which he found in the injured plaintiff's cervical spine

during a recent examination, and failed to compare those limitations to what would be considered normal (*see Jean v Labin-Natochenny*, 77 AD3d 623, 624 [2010]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]).

In addition, the defendants met their prima facie burden of establishing that the injured plaintiff did not sustain injuries as a result of the subject accident which rendered him unable to perform substantially all of his daily activities for not less than 90 days of the first 180 days thereafter (*see* Insurance Law § 5102 [d]). In support of their motion, the defendants submitted evidence showing that the subject accident occurred on May 15, 2010. The defendant also submitted the injured plaintiff's deposition testimony in which he admitted that he missed only three days of school as a result of the subject accident before the school year ended in June, and that he missed no school as a result of the accident when school began the following September (*see McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the injured plaintiff's deposition transcript was in admissible form pursuant to CPLR 3116 (a) (*see Boadu v City of New York*, 95 AD3d 918 [2012]; *Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935 [2012]).

Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the second and third causes of action. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.