In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated February 19, 2013, which granted the motion of the defendants Kambiz Khalou and Cheryl A. Khalou for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and, in effect, upon searching the record, awarded summary judgment to the nonmoving defendant Fhilip F. Blackowl dismissing the complaint insofar as asserted against him on the same ground.
*679 Ordered that the order is affirmed, with costs.
The defendants Kambiz Khalou and Cheryl Khalou (hereinafter together the Khalou defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). They submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbosacral regions of the plaintiff’s spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). They further submitted evidence demonstrating that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see generally Karpinos v Cora, 89 AD3d 994, 995 [2011]).
The plaintiff failed to raise a triable issue of fact in opposition (see generally Perl v Meher, 18 NY3d 208, 217-218 [2011]). Therefore, the Supreme Court properly granted the motion of the Khalou defendants for summary judgment dismissing the complaint insofar as asserted against them, and, for the same reason, properly, in effect, searched the record and awarded summary judgment to the nonmoving defendant Philip P. Blackowl dismissing the complaint insofar as asserted against him (see CPLR 3212 [b]). Hall, J.P, Austin, Sgroi and Duffy, JJ., concur.