■ EDWARD A. LICALZI, Appellant, v WELLS FARGO BANK, N.A., et al., Respondents. [5 NYS3d 158]—

In an action, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated December 28, 2012, as granted the motion of the defendant Wells Fargo Bank, N.A., for summary judgment dismissing the complaint insofar as asserted against it and, in effect, upon searching the record, awarded summary judgment to the nonmoving defendants, Alan Weinreb, PLLC, Alan H. Weinreb, and Lisa Norton, dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

In August 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action (hereinafter the underlying action) against Edward A. Licalzi (hereinafter the borrower) to foreclose a mortgage on his property in East Setauket. Subsequently, in October 2010, the Supreme Court granted Wells Fargo's motion for a voluntary discontinuance, which the borrower had opposed. Around the same time, the borrower commenced this action against Wells Fargo and the attorneys who represented Wells Fargo in the underlying action, the defendants Alan Weinreb, PLLC, Alan H. Weinreb, and Lisa Norton (hereinafter collectively the attorney defendants). The borrower sought to recover damages for fraud, to impose sanctions pursuant to 22 NYCRR 130-1.1 for filing a frivolous action, and to compel Wells Fargo to issue a satisfaction of mortgage.

The Supreme Court properly granted that branch of Wells Fargo's motion which was for summary judgment dismissing the cause of action to recover damages for fraud insofar as asserted against it. Wells Fargo established, prima facie, that it did not make a material misrepresentation of an existing fact

in the underlying action (*see Tenore v Kantrowitz, Goldhamer & Graifman, P.C.*, 121 AD3d 775 [2014]; *see also HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127-1128 [2013]; *Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]). In opposition, the borrower failed to raise a triable issue of fact.

The Supreme Court properly granted that branch of Wells Fargo's motion which was for summary judgment dismissing the cause of action for the issuance of a satisfaction of mortgage insofar as asserted against it. Wells Fargo established its prima facie entitlement to judgment as a matter of law dismissing that cause of action by demonstrating that the borrower had not paid the mortgage in full (*see* Real Property Law § 275 [1]; *see also Emigrant Mtge. Co., Inc. v Karpinski*, 76 AD3d 1044, 1045-1046 [2010]). The borrower failed to raise a triable issue of fact in opposition.

The Supreme Court properly granted that branch of Wells Fargo's motion which was for summary judgment dismissing the cause of action to impose sanctions insofar as asserted against it. New York does not recognize a separate cause of action to impose sanctions pursuant to 22 NYCRR 130-1.1 (*see Cerciello v Admiral Ins. Brokerage Corp.*, 90 AD3d 967, 968 [2011]; *Young v Crosby*, 87 AD3d 1308, 1309 [2011]; *Schwartz v Sayah*, 72 AD3d 790, 792 [2010]). In any event, the conduct of Wells Fargo and the attorney defendants in the underlying action was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see* 22 NYCRR 130-1.1 [c]; *Fontilus v Pereira*, 82 AD3d 1040, 1040-1041 [2011]).

Accordingly, the Supreme Court properly granted Wells Fargo's motion for summary judgment dismissing the complaint insofar as asserted against it. For the same reasons, the Supreme Court properly, in effect, searched the record and awarded summary judgment to the nonmoving attorney defendants dismissing the complaint insofar as asserted against them (*see* CPLR 3212 [b]; *Mohamed v Blackowl*, 116 AD3d 678, 679 [2014]). The borrower, in his complaint, asserted all causes of action against all of the defendants, without distinguishing between them, and he addressed the alleged filing of a frivolous and fraudulent foreclosure action by all of the defendants in opposition to Wells Fargo's motion for summary judgment dismissing the complaint (*see generally Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.