■ ANDREW BOETTCHER, Appellant, v RYDER TRUCK RENTAL, INC., Defendant, and ARMANDO PALMESI et al., Respondents. [19 NYS3d 86]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 5, 2013, which granted the motion of the defendants Armando Palmesi and Lily Transportation Corp. for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants Armando Palmesi and Lily Transportation Corp. (hereinafter together the defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's head was not caused by the accident (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants also submitted evidence demonstrating, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]). Further, contrary to the plaintiff's contention, he did not allege in his bill of particulars that he sustained a significant disfigurement as a result of the subject accident. Therefore, the defendants were not required to address this category of serious injury in their motion (*see Martinkus v Dahmen*, 105 AD3d 1014, 1015 [2013]; *Quintana v Arena Transp., Inc.*, 89 AD3d 1002, 1003 [2011]; *Sharma v Diaz*, 48 AD3d 442, 443 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.