██ YOUCHENG WU, Respondent, v JIAN XU, Appellant. DAVID M. LIRA, Nonparty Appellant. [26 NYS3d 705]—In an action, inter alia, for declaratory relief, nonparty David M. Lira appeals from so much of an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated October 9, 2013, as granted that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses payable by him and, sua sponte, directed him to pay a sanction in the amount of $2,500 to the Lawyers' Fund for Client Protection, and the defendant separately appeals from the same order.

Ordered that the appeal by the defendant is dismissed as abandoned (see 22 NYCRR 670.8); and it is further,

Ordered that on the Court's own motion, the notice of appeal by nonparty David M. Lira from so much of the order dated October 9, 2013, as, sua sponte, directed him to pay a sanction in the amount of $2,500 to the Lawyers' Fund for Client Protection is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from by nonparty David M. Lira, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to 22 NYCRR 130-1.1 for an award of attorneys' fees and expenses payable by nonparty David M. Lira is denied.

Contrary to the plaintiff's contention, the conduct of the defendant's attorney, David M. Lira, was not frivolous within the meaning of 22 NYCRR 130-1.1 (c) (see Vogel v Vogel, 128 AD3d 681, 685 [2015]; Licalzi v Wells Fargo Bank, N.A., 125 AD3d 942, 943 [2015]; Capruso v Village of Kings Point, 102 AD3d 902, 903 [2013], affd 23 NY3d 631 [2014]; Hegazi v Palmieri, 84 AD3d 873, 874 [2011]; Casey v Chemical Bank, 245 AD2d 258 [1997]). Accordingly, the Supreme Court improvidently exercised its discretion in awarding the plaintiff attorneys' fees and expenses payable by Lira and imposing a sanction against him.

We do not consider the plaintiff's contention that Lira's appeal is frivolous, since that contention is based on matter dehors the record (see Poveromo v Kelley-Amerit Fleet Servs., Inc., 127 AD3d 1048, 1049 [2015]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur. 
██