■ Pom Chun Kim, Appellant, v Miguel Arturo Franco, Defendant, and Jose Pimentel, Respondent. [26 NYS3d 792]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered January 15, 2015, which granted the motion of the defendant Jose Pimentel for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and upon, in effect, searching the record, awarded summary judgment to the defendant Miguel Arturo Franco dismissing the complaint insofar as asserted against him on the same ground.

Ordered that the order is affirmed, with costs.

The moving defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). He submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and to the plaintiff's right shoulder did not constitute serious injuries under either the permanent

consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, contrary to the plaintiff's contention, the moving defendant was not required to address any alleged injuries to the lumbar region of the plaintiff's spine, since the plaintiff failed to allege in his bill of particulars that he sustained a serious injury to that area under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Martinkus v Dahmen*, 105 AD3d 1014, 1015 [2013]; *Quintana v Arena Transp., Inc.*, 89 AD3d 1002, 1003 [2011]).

Accordingly, the Supreme Court properly granted the moving defendant's motion for summary judgment dismissing the complaint insofar as asserted against him and, in effect, searched the record and awarded summary judgment to the nonmoving defendant (*see Mohamed v Blackowl*, 116 AD3d 678 [2014]). Rivera, J.P., Balkin, Cohen and Barros, JJ., concur.