Antonucci v Lentini (2018 NY Slip Op 07083)





Antonucci v Lentini


2018 NY Slip Op 07083


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10991
 (Index No. 6844/15)

[*1]Pauline Antonucci, et al., plaintiffs, Francis DiVilio, appellant, 
v
Nicole Lentini, et al., respondents.


Nicholas Martino, Jr., Staten Island, NY, for appellant.
Richard T. Lau, Jericho, NY (Gene W. Wiggins of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Francis DiVilio appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated September 22, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Francis DiVilio on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident on October 29, 2014. The defendants moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Francis DiVilio on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and DiVilio appeals.
The defendants met their prima facie burden of showing that DiVilio did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of DiVilio's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In addition, the defendants demonstrated, prima facie, that DiVilio did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see John v Linden, 124 AD3d 598, 599; Marin v Ieni, 108 AD3d 656, 657; Richards v Tyson, 64 AD3d 760, 761). In opposition, DiVilio failed to raise a triable issue of fact (see Tinyanoff v Kuna, 98 AD3d 501, 501-502; Quintana v Arena Transp., Inc., 89 AD3d 1002, 1003-1004).
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted by DiVilio.
RIVERA, J.P., SGROI, HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court