Hurtado v HSBC Mtge. Servs., Inc. (2019 NY Slip Op 05394)





Hurtado v HSBC Mtge. Servs., Inc.


2019 NY Slip Op 05394


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-08241 
2016-11286
 (Index No. 5653/15)

[*1]Alfonso G. Hurtado, appellant, 
v
HSBC Mortgage Services, Inc., et al., respondents.


Alfonso G. Hurtado, Valley Stream, NY, appellant pro se.
Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock, Erin E. Connare, and Heather Kidera of counsel), for respondent HSBC Mortgage Services, Inc.
Day Pitney, LLP, New York, NY (Robert N. Pollock and Alfred W. J. Marks of counsel), for respondent U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust.



DECISION & ORDER
In an action, inter alia, to cancel of record certain assignments of mortgages, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered February 9, 2016, and (2) an order of the same court entered September 16, 2016. The order entered February 9, 2016, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter default judgments against the defendants HSBC Mortgage Services, Inc., and LSF8 Master Participation Trust. The order entered September 16, 2016, granted the motion of U.S. Bank Trust, N.A., as trustee for LSF8 Master Participation Trust, pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer and for summary judgment dismissing the complaint insofar as asserted against it, and, upon searching the record, awarded the defendant HSBC Mortgage Services, Inc., summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the orders are affirmed, with one bill of costs.
In 2005, the plaintiff executed a note in the sum of $440,000 in favor of Encore Credit Corp., doing business as ECC Encore Credit (hereinafter Encore). The note was secured by a mortgage (hereinafter the first mortgage) on property located in Valley Stream. The plaintiff also executed a second note, in the sum of $110,000, which was secured by a second mortgage. Thereafter, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Encore, assigned the first and second mortgages to the defendant HSBC Mortgage Services, Inc. (hereinafter HSBC). HSBC subsequently assigned the first mortgage to the defendant LSF8 Master Participation Trust (hereinafter LSF8).
In June 2015, the plaintiff commenced this action, inter alia, to cancel of record all of those assignments of mortgages. The plaintiff alleged in the complaint, among other things, that MERS lacked authority to assign the first mortgage to HSBC, and that, therefore, HSBC's assignment of the first mortgage to LSF8 was void as well.
In December 2015, the plaintiff moved pursuant to CPLR 3215 for leave to enter default judgments against HSBC and LSF8, alleging that they failed to appear or answer the complaint. By order entered February 9, 2016, the Supreme Court denied the motion. The court found, inter alia, that the plaintiff failed to rebut the presumption of proper service of the answer created by an affidavit of service submitted by HSBC in opposition to the plaintiff's motion, attesting to the service of its answer, and that LSF8 had a reasonable excuse for its default in answering the complaint and a potentially meritorious defense to the action.
Subsequently, U.S. Bank Trust, N.A., as trustee for LSF8 (hereinafter U.S. Bank), served an answer to the complaint. The plaintiff served a notice of rejection of the answer as untimely. Thereafter, U.S. Bank moved pursuant to CPLR 3012(d) to compel the plaintiff to accept its late answer and for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff opposed the motion. By order entered September 16, 2016, the Supreme Court granted U.S. Bank's motion and, upon searching the record, awarded HSBC summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
We agree with the Supreme Court's denial of the plaintiff's motion pursuant to CPLR 3215 for leave to enter default judgments against HSBC and LSF8. HSBC did not default, and LSF8 demonstrated that it had a reasonable excuse for its default and a potentially meritorious defense to the action based on language in the first mortgage that conferred upon MERS the authority to assign the mortgage (see Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d 683, 684; Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP, 144 AD3d 1097, 1098; Fried v Jacob Holding, Inc., 110 AD3d 56, 60; Wassertheil v Elburg, LLC, 94 AD3d 753; Bank of N.Y. v Silverberg, 86 AD3d 274, 281). The plaintiff's allegation that MERS lacked authority to assign the first mortgage to HSBC and that, therefore, the subsequent assignment to LSF8 was void as well, is without merit.
Further, there was no evidence that the mortgage debts were ever accelerated, or that enforcement of those obligations was barred by the applicable statute of limitations, nor is there any other basis in this record alleged to discharge those obligations. Accordingly, we agree with the Supreme Court's grant of that branch of U.S. Bank's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the court's determination to search the record and grant summary judgment dismissing the complaint insofar as asserted against HSBC (see CPLR 3212[b]; Pom Chun Kim v Franco, 137 AD3d 991, 992; Mohamed v Blackowl, 116 AD3d 678, 679).
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court