Raymonde Cunningham, Respondent, 
against
Billy Smith, Appellant. 

Sweetbaum & Sweetbaum (Joel A. Sweetbaum of counsel), for appellant.
Harmon, Linder & Rogowsky, Esqs, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V. Katsanos, J.), entered April 18, 2018. The order denied defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action to recover for personal injuries which plaintiff allegedly sustained in a motor vehicle accident in the fall of 2006, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had not sustained a serious injury pursuant to Insurance Law § 5102 (d). Plaintiff had been in a subsequent accident and had received a settlement in an action she had commenced to recover for personal injuries she had sustained in that subsequent accident. By order entered April 18, 2018, the Civil Court denied defendant's motion.
Defendant made a prima facie showing through competent medical evidence that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendant submitted, among other things, affirmed reports of a neurological examination, setting forth the results of range of motion testing and comparing plaintiff's ranges of motion to normal ranges. Defendant's examining neurologist found insignificant limitations in range of motion (see Constantine v Serafin, 16 AD3d 1145 [2005]). Defendant also demonstrated that plaintiff had not, as a result of the accident at issue, sustained injuries which rendered her unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days following the accident (see Insurance Law § 5102 [d]). Defendant submitted plaintiff's deposition testimony, in which she admitted that she had missed no work as a result of the accident (see Tinyanoff v [*2]Kuna, 98 AD3d 501 [2012]). Defendant thereby shifted the burden to plaintiff to raise a triable issue of fact as to whether plaintiff sustained a serious injury (see Gaddy v Eyler, 79 NY2d 955 [1992]).
Plaintiff's proof in opposition was insufficient to raise a triable issue of fact. Although the affirmed medical reports of plaintiff's neurologist noted that the condition of plaintiff's cervical spine was permanent, the neurologist did not indicate that he had reviewed, or attempted to review, any of the medical records from plaintiff's subsequent car accident, making his medical opinion speculative with respect to causation of plaintiff's injuries (see Pazmino v Universal Distribs., LLC, 45 AD3d 554, 555 [2007]; Vidor v Davila, 37 AD3d 826 [2007]; Moore v Sarwar, 29 AD3d 752 [2006]). In addition, while the affirmed report notes that plaintiff's injuries are considered permanent, the mere use of the word permanent is insufficient to establish a serious injury (see Lopez v Senatore, 65 NY2d 1017 [1985]). Finally, while plaintiff submitted medical evidence that she suffered from a herniated disc in the cervical spine, this finding is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (see Ciancio v Nolan, 65 AD3d 1273 [2009]). While plaintiff's neurologist set forth findings that revealed the existence of a limitation in plaintiff's range of motion, there was no competent evidence establishing that the limitation was contemporaneous with the subject accident (see Leeber v Ward, 55 AD3d 563 [2008]). Plaintiff's remaining submissions likewise did not amount to evidence sufficient to raise a triable issue of fact.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
WESTON, J.P., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 12, 2020