Walker v Metropolitan Transp. Auth. (2024 NY Slip Op 04477)

Walker v Metropolitan Transp. Auth.

2024 NY Slip Op 04477

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-00261
 (Index No. 510432/19)

[*1]Charlene Walker, appellant, 
v
Metropolitan Transportation Authority, et al., respondents, et al., defendant.

Harris Keenan & Goldfarb PLLC, New York, NY (Edward C. Lehman of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated December 7, 2022. The order granted the motion of the defendants Metropolitan Transportation Authority and New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants Metropolitan Transportation Authority and New York City Transit Authority (hereinafter together the defendants), and another defendant, to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated December 7, 2022, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Furthermore, the defendants submitted medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left ankle, left foot, right hand, and right thumb were preexisting, degenerative in nature, and not caused by the subject accident (see Amirova v JND Trans, Inc., 206 AD3d 601, 602; Gash v Miller, 177 AD3d 950; Gouvea v Lesende, 127 AD3d 811). Finally, since the plaintiff did not allege in her bill of particulars that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted [*2]her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident, the defendants were not required to address this category of serious injury in their motion (see Pom Chun Kim v Franco, 137 AD3d 991, 992; Martinkus v Dahmen, 105 AD3d 1014, 1015; Quintana v Arena Transp., Inc., 89 AD3d 1002, 1003).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's experts failed to address the findings of the defendants' radiologist that the alleged injuries to the plaintiff's left ankle, left foot, right hand, and right thumb were degenerative in nature (see Alford v Morency, 225 AD3d 828; Dinardo v Yeshiva Kehilath Yakov, Inc., 218 AD3d 438, 439; Amirova v JND Trans, Inc., 206 AD3d at 602). Moreover, the plaintiff's experts failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to the cervical or lumbar regions of her spine under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court