ERNEST HENRY RUHMAN, Appellant, v. MARY ELIZABETH DEMPSEY, Also Known as MAE E. KONECSNI and Others, Respondents.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. Findings of fact numbered 2 and 3 reversed and the conclusion of law disapproved. The plaintiff seeks to cancel a deed purporting to be executed by him and a subsequent mortgage on the ground that the deed was forged. On the trial he established that he received his deed on November 27, 1925, which he deposited with his mother for safekeeping. There, according to their testimony, it remained for about two years when desiring to obtain a loan he deposited it with one Konecsni for security, at the same time signing some paper in acknowledgment of the loan. Although he paid the loan, he says he was never able to get his deed back. Eventually the so-called forged deed to Dempsey, together with his deed, were recorded within four days of each other in September, 1927. The date of the Dempsey deed was seven days later than that of his deed, to wit, December 4, 1925. He testified that he did not sign the Dempsey deed and had never seen it. The signature on the Dempsey deed appears in two forms — one with only plaintiff's middle initial, and the other with his middle name written out in full. On the trial he was required to write his name in both ways, and there is a striking similarity between these admitted signatures and those appearing on the Dempsey deed. Nevertheless, the plaintiff testified that he did not write them. Below the signatures on the deed are faint pencil lines partly erased, and there are some slight variances from the admitted signatures. Whether the signatures on the deed were genuine or traced was not established by any proof. The reason for this is that at the close of the plaintiff's evidence, without any motion being made by defendants, the court dismissed the complaint on the merits, apparently impressed upon the examination then made that the signatures on the deed were genuine. Subsequent findings were made that the deed was valid. We think that the plaintiff made a *prima facie* case; that it was incumbent upon defendant Dempsey to make explanation of the circumstances under which the deed, if genuine, was delivered, and the consideration therefor, and the circumstances under which it was executed. Konecsni, who made the loan in 1927, was a real estate and insurance man living in the neighborhood, and was the notary before whom the alleged acknowledgment of the deed was taken. Shortly subsequent to this occurrence he married defendant Dempsey. All of the circumstances call for an explanation, and the deed is none

the less a forgery if the plaintiff was induced to sign it through fraud, deceit or other misconduct. (*Caccioppoli* v. *Lemmo*, 152 App. Div. 650; *Marden* v. *Dorthy*, 160 N. Y. 39.) Before dismissing the complaint so precipitately, the Special Term should have heard all the evidence. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.