■ ALFRED J. KAHN, Respondent, v MIRIAM E. KAHN, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Westchester County (DiFede, J. H. O.), entered June 13, 1986, as (1) held that all of her claims arising from certain provisions of two prior judgments were "more than satisfied"; (2) ordered her not to receive or collect payments, other than support, on those portions of the prior judgments or "on any judgments subsequently entered" which embody the awards made in those portions of the prior judgments, (3) vacated all outstanding enforcement devices and directed the return of all moneys then held by any garnishee or the Sheriff to the plaintiff respondent Alfred J. Kahn and (4) vacated two other judgments entered by the Clerk of the County of Westchester.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and those branches of the plaintiff's motion which sought the entry of satisfactions of two prior judgments, vacatur of all judgments purportedly entered by the defendant without court direction or approval and leave to seek restitution of any sums paid to the defendant in excess of the amounts due on certain judgments are denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The plaintiff contends that he has satisfied certain judgments against him. However, this contention is unsupported

by the record since there is insufficient evidence that the plaintiff fully satisfied either the judgment awarding the defendant one half of the parties' joint bank account or the judgment awarding the defendant reimbursement for the costs of an earlier appeal to the Court of Appeals. Although the record shows that the plaintiff made payments against these judgments at various times under an income execution order, there is no proper calculation of interest due which takes into account when each payment was received by the Sheriff and how much of each payment the defendant received. Accordingly, it appears that the trial court did not properly determine that these judgments were satisfied. Similarly no proper calculation was made concerning the payment needed to satisfy the defendant's claim for necessaries. We note that the claim for necessaries has not been reduced to judgment.

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a determination of what total payment would satisfy each judgment and whether each was satisfied.

At the same time, the claim for necessaries should be determined and should be reduced to judgment if that claim has not been satisfied. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.