■ In the Matter of GEORGE SCHMERER ex rel. MIRIAM K. KAHN, Appellant-Respondent, v ALFRED J. KAHN, Respondent-Appellant.—In a support proceeding pursuant to Family Court Act article 4, the petitioner wife appeals from so much of an order of the Family Court, Westchester County (Kaiser, J.), entered November 20, 1986, as determined that there were no alimony arrears and dismissed the enforcement petition and the respondent husband cross-appeals from so much of the same order as denied his motion to vacate an existing wage deduction order.

Ordered that the order is reversed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a new determination with respect to arrears, and further proceedings consistent herewith; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements,

The husband's claim for a setoff is barred under the doctrine of estoppel against inconsistent positions *(see, Kasmarski v Terranova,* 115 AD2d 640). The husband has previously maintained before the Appellate Division, First Department, that, in order to satisfy a money judgment against him awarding the wife one half of a bank account in the parties' joint names, he was constrained to pay the defendant under an income execution order in addition to paying her alimony under a wage deduction order *(see, Kahn v Trustees of Columbia Univ.,* 109 AD2d 395). Thereby, the husband effectively conceded that both payments were due to the wife. Accordingly, the husband may not now assume an inconsistent position and claim that the money the wife received under the income execution order was to be set off against the money she received for alimony under the wage deduction order.

Accordingly, we remit this matter to the Family Court, Westchester County, for a determination of the arrears due to the wife, taking into account that the husband is estopped to claim that funds the wife received under the income execution order are to be set off against alimony arrears. In the interest of judicial economy and clarity the parties should move for a consolidation of all of the claims in this matter with the Supreme Court proceeding involved in the appeal decided herewith *(Kahn v Kahn,* 137 AD2d 746). Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.