■ Mathias O. Schlotthauer, Respondent, v Alan J. Sanders et al., Appellants, and Henry Lorenzen et al., Defen-

dants.—In an action, *inter alia,* to rescind a Sheriff's deed, the defendants Alan J. Sanders and Michael B. Solomon appeal from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), dated June 5, 1987, as denied their motion to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the motion is granted to the extent that the first, second, third, fourth, fifth, sixth, ninth and tenth causes of action asserted in the complaint are dismissed as against the defendants Sanders and Solomon, with prejudice, and the seventh and eighth causes of action are dismissed as against those defendants, without prejudice.

The defendants Sanders and Solomon are attorneys who represented the plaintiff's former wife Barbara Schlotthauer (hereinafter Barbara) in a 1976 divorce action against him. The complaint alleges that as part of a fee arrangement to obtain representation in the matrimonial action, Barbara executed a promissory note and confession of judgment in favor of the law firm of Sanders & Solomon, in the sum of $2,500. Barbara discharged these attorneys before trial, and the court awarded the firm a fee of $1,000, to be paid by Barbara's former husband, the plaintiff herein. The plaintiff alleges that he turned over $1,000 to his attorney, the defendant Lorenzen, but that Lorenzen failed to satisfy the judgment payable to the firm of Sanders & Solomon with this money. Thereafter, Sanders & Solomon proceeded to enforce the confession of judgment against Barbara, resulting in a Sheriff's sale of her one-half interest in the former marital premises at 9 Alderfield Lane, Huntington, on March 17, 1980. On the day of the Sheriff's sale, the plaintiff filed a complaint against Sanders & Solomon with the Suffolk County Bar Association, alleging in part that "I am of the opinion that the judgment over $3,000 has been wrongfully obtained against my former wife". The instant action was commenced by the plaintiff against Sanders and Solomon individually, and as members of the law firm of Sanders & Solomon, by service of a summons and complaint on August 22, 1986.

The complaint contains 15 causes of action, 10 of which include assertions against the defendants Sanders and Solomon. The first and second causes of action allege general "tortious wrong", the third and fourth causes of action sound in prima facie tort, and the fifth and sixth causes of action sound most closely in the tort of intentional infliction of emotional distress. These tort claims accrued at the latest on March 17, 1980, the date upon which the defendants enforced

the allegedly void confession of judgment against Barbara at the Sheriff's sale. Consequently the tort claims interposed more than six years after the sale, are barred by the applicable Statute of Limitations (CPLR 214, 215). Therefore, the appellants' motion pursuant to CPLR 3211 (a) (5) to dismiss these claims insofar as asserted against them should have been granted.

The plaintiff's ninth and tenth causes of action sounding in fraud must also be dismissed as time barred. A cause of action based upon actual fraud must be commenced six years from the date of the fraudulent act or two years from the date the plaintiff discovered the fraud, or could with reasonable diligence have discovered it, whichever is longer (see, CPLR 213 [8]; 203 [f]; *Del Vecchio v Nassau County,* 118 AD2d 615). Contrary to the plaintiff's claim that he did not discover facts sufficient to impute discovery of the occurrence of the alleged fraud prior to September 14, 1984, the documentary evidence conclusively establishes his full awareness of the allegedly fraudulent act on March 17, 1980, more than six years prior to interposition of these claims. Accordingly, the ninth and tenth causes of action must also be dismissed pursuant to CPLR 3211 (a) (5). The plaintiff's seventh and eighth causes of action, alleging civil conspiracy, must be dismissed pursuant to CPLR 3211 (a) (7). It is well settled that there is no independent tort of civil conspiracy recognized in this State *(Chiaramonte v Boxer,* 122 AD2d 13), and this claim may only be alleged to connect the actions of separate defendants with an actionable injury and to show these acts flowed from a common scheme or plan *(SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.