MARIA I. PIEDRA, Appellant, v THOMAS E. VANOVER, JR., Respondent, et al., Defendant.

Second Department, January 13, 1992

APPEARANCES OF COUNSEL

*Demetriou & Demetriou (Abraham Hecht* and *Warren S. Hecht* of counsel), for appellant.

*Sanders & Gutman, P. C. (Robert Gutman* of counsel), for respondent.

## OPINION OF THE COURT

BALLETTA, J.

This appeal raises the question as to the proper Statute of Limitations that should be applied to an equitable action brought by an alleged owner of real property, who is out of possession, to remove a cloud upon the title in the form of a purportedly forged deed.

On July 26, 1989, the plaintiff commenced the instant action against the defendants seeking to vacate, set aside, and declare void a deed dated July 13, 1983, and recorded on August 2, 1983, which purportedly conveyed the property located at 21-54 44th Drive in Long Island City from the plaintiff to the defendants. The plaintiff claimed that she was the rightful owner of the property, having acquired it by a deed dated August 4, 1982.

The contract evidencing the sale had apparently been executed on the plaintiff's behalf by one Rolando Lugo allegedly pursuant to a power of attorney executed by the plaintiff. The plaintiff denied ever having executed any power of attorney. The deed itself contained the purported signature of the plaintiff, which was acknowledged by her former attorney. The plaintiff alleged that she had never authorized or consented to the sale, that she had not signed the deed, and that her signature had been forged. In fact, the plaintiff claimed that she was in California on July 13, 1983, the day the deed was allegedly executed by the plaintiff in New York.

The plaintiff further alleged that, while the July 13, 1983, deed was apparently regular and valid on its face, it was, in fact, fraudulent, void, of no effect, and constituted a cloud on her title to the premises.

The defendants interposed an answer containing various affirmative defenses, including a defense that the action was barred by the six-year Statute of Limitations provided for under CPLR 213.

The plaintiff moved to strike the affirmative defenses, and the defendants cross-moved for summary judgment dismissing the complaint.

The Supreme Court denied the motion and granted the cross motion, holding, *inter alia,* that the action was barred by the six-year Statute of Limitations. The court noted that the papers submitted in support of the cross motion included a copy of a verified complaint dated April 22, 1986, showing that the plaintiff had commenced an action against her former attorney arising out of the 1983 conveyance of the property. The court concluded that the plaintiff knew of the sale at least as early as April 22, 1986, the date of her verified complaint in her action against her former attorney, and, therefore, whether computed from the time of the sale (i.e., July 13, 1983) or the time when the plaintiff allegedly discovered the sale and commenced the action against her former attorney, the instant action was time-barred.

I

■ On appeal, the plaintiff contends that the Supreme Court erred in holding that her action was time-barred by the Statute of Limitations provided for fraud claims under CPLR 213. We disagree.

The plaintiff's contention is founded on the premise that her

cause of action is not one for fraud but rather is one for "forgery", for which she asserts there is no Statute of Limitations. However, the plaintiff has not cited any authority which directly stands for this proposition, nor does there appear to be any such authority.

Indeed, a review of the case law clearly indicates that the concepts of "forgery" and "fraud" are so closely related that the Statute of Limitations applicable to fraud cases *(see,* CPLR 213 [8]) should also be applicable to the situation herein. In *Marden v Dorthy* (160 NY 39), a case relied upon by the plaintiff, the Court of Appeals reviewed various definitions of forgery, noting that a forgery "is defined by the common law to be the fraudulent making of a writing to the prejudice of another's rights * * * or the making *malo animo* of any written instrument for the purpose of fraud and deceit * * * The false making of an instrument which purports on its face to be good and valid for the purpose for which it was created, with the design to defraud" *(Marden v Dorthy, supra,* at 53). It is clear from these definitions that "forgery" is but one species of "fraud" *(see,* 60 NY Jur 2d, Fraud and Deceit, § 21, at 459; *People v Levitan,* 49 NY2d 87; *International Union Bank v National Sur. Co.,* 245 NY 368; *Ruhman v Dempsey,* 235 App Div 875).

Under CPLR 213 (8), a cause of action based upon actual fraud must generally be commenced within six years of the commission of the fraud. However, this provision must be read with subdivision (f) of CPLR 203, which provides that an action may be commenced within two years after actual or imputed discovery of the fraud, even though more than six years has elapsed from the commission of the wrong *(see, Schlotthauer v Sanders,* 153 AD2d 729, 731; *Lazzaro v Kelly,* 87 AD2d 975, *affd* 57 NY2d 630; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C213:8, at 450-451; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213.25). Here, a prior action commenced by the plaintiff against her former attorney indicates that she knew of the July 13, 1983 sale of the property to the defendants and any alleged fraud as early as April 22, 1986, the date of the verified complaint in that action. Thus, the plaintiff's instant action is time-barred since it was not commenced until July 26, 1989, more than six years after the transfer of the property and three years after the discovery of the alleged fraud *(see,* CPLR 213 [8]; 203 [f]; *Mechanical Plastics Corp. v Rawlplug Co.,* 119

AD2d 641; *Abbate v Abbate,* 82 AD2d 368; 3 Warren's Weed, New York Real Property, Limitation of Actions, § 5.15 [4th ed]).

In addition, even if we were to assume that the plaintiff's action did not involve fraud, it would still be time-barred. CPLR 213 (1) provides that an action for which no limitation is specifically prescribed by law must be commenced within six years of the accrual of the cause of action. Thus, assuming an action founded on "forgery" has no Statute of Limitations prescribed by law, it would, by virtue of CPLR 213 (1), have a six-year Statute of Limitations, and the plaintiff's action would be time-barred.

Moreover, as was stated by the Court of Appeals in *Sears, Roebuck & Co. v Enco Assocs.* (43 NY2d 389, 394-395), "the choice of applicable Statute of Limitations is properly related to the remedy rather than to the theory of liability. '[T]he general principle [is] that time limitations depend upon, and are confined to, the form of the remedy' " *(see also, Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669; *Matter of Malatestinic v Board of Educ.,* 132 AD2d 661, 662; *Connetquot Cent. School Dist. v Greenport Union Free School Dist.,* 100 AD2d 923, 924).

Here, although the plaintiff alleges in paragraph 7 of her complaint that "the deed was a forgery", the sum and substance of her action is set forth in paragraph 8 therein, as follows: "8. The Deed is apparently regular and valid on its face, but, in fact, it is fraudulent, void and of no effect and constitutes a cloud on the plaintiff's title to the above-described premises to such an extent that the plaintiff is unable to sell or otherwise dispose of the premises until the Deed is cancelled and set aside by judgment of this court".

Thus, the gravamen of the complaint is to set aside the deed as "fraudulent" based upon the claim of forgery. The plaintiff's cause of action, therefore, sounds in equity, seeking equitable relief by way of the cancellation, as a cloud on title, of a purportedly forged deed which had been put on the record *(see, Trustees of Town of Easthampton v Bowman,* 136 NY 521, 525-526; *Remington Paper Co. v O'Dougherty,* 81 NY 474; *Meyer v Wilcox,* 136 NYS 337, *affd* 153 App Div 907; 3 Rasch, New York Law and Practice of Real Property §§ 36:4, 36:5 [2d ed]).

It is well-settled that for actions in which equitable relief is sought, CPLR 213 (1) governs the period in which action is to

be commenced *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 213.01). An exception to this general rule exists where the person who seeks to have the cloud on her title removed is in possession of the property. "[A]n owner in possession has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession, to have an apparent, though in fact not a real incumbrance discharged from the record and such a right is never barred by the Statute of Limitations" *(Ford v Clendenin,* 215 NY 10, 16; *see also, Orange & Rockland Utils. v Philwold Estates,* 52 NY2d 253, 261; *Schlotthauer v Sanders, supra,* at 732-733). A different rule applies, however, where the party is not in possession of the real property. In such an instance: "Where a person who claims to own real property which is in the possession of another seeks in an action in equity to obtain a judgment which will subsequently enable him to obtain possession thereof, every reason which can exist in any case for diligence on the part of the person making a claim in asserting the same is applicable. Such an alleged owner claiming a cause of action in equity against the person in possession of real property must assert it within the time prescribed by statute or he will lose his right to maintain it" *(see, Ford v Clendenin, supra,* at 17).

In other words, "A person claiming title to real property, but not in possession thereof, must act, affirmatively and within the time provided by statute" *(Downes v Peluso,* 115 AD2d 454; *see also, P.A.C.W.S., Ltd. v Reineke,* 175 AD2d 154; *James v Lewis,* 135 AD2d 785).

The plaintiff does not dispute the defendants' assertion that she was not in possession of the subject premises prior to the sale on July 13, 1983, and has not been in possession thereafter. That being the case, the plaintiff should have commenced her equitable action within six years of the sale of the property or within two years after discovery of the fraud, whichever is greater. Since she did not do so, the action is barred by the Statute of Limitations *(see, Ford v Clendenin, supra; James v Lewis, supra; Downes v Peluso, supra;* 3 Warren's Weed, New York Real Property, Limitations of Actions, §§ 5.13, 5.23 [4th ed]; 90 NY Jur 2d, Real Property—Possessory and Related Actions, §§ 421, 454).

Thus, whether the action is deemed to be one grounded in fraud and governed by CPLR 213 (8), or one grounded in forgery for which the plaintiff seeks an equitable remedy and governed by CPLR 213 (1), the action is time-barred.

## II

■ In any event, the plaintiff's complaint is subject to dismissal since her claim to set aside the deed is barred under the doctrine of estoppel against inconsistent positions. This doctrine was described in the case of *Environmental Concern v Larchwood Constr. Corp.* (101 AD2d 591, 593), as follows:

"[T]he doctrine of estoppel against inconsistent positions precludes a party from 'framing his * * * pleadings in a manner inconsistent with a position taken in a prior proceeding' (Note, The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings, 59 Harv L Rev 1132; see, also, Beck, Estoppel Against Inconsistent Positions in Judicial Proceedings, 9 Brooklyn L Rev 245; *Ferrandino v Cartelli,* 12 AD2d 604). The doctrine rests upon the principle that a litigant 'should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise' (Note, *op. cit.,* 59 Harv L Rev 1132).

" 'The policies underlying preclusion of inconsistent positions are "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings" ' *(State of Arizona v Shamrock Foods Co.,* 729 F2d 1208, 1215, quoting from 1B Moore's Fed Prac, par 405 [8], p 767). In short, 'where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position' *(Davis v Wakelee,* 156 US 680, 689)" *(see also, Kimco of N. Y. v Devon,* 163 AD2d 573, 574-575; *Neumann v Metropolitan Med. Group,* 153 AD2d 888, 889; *Anonymous v Anonymous,* 137 AD2d 739, 741; *Kasmarski v Terranova,* 115 AD2d 640, 642).

In her verified complaint in the 1986 action against her former attorney, the plaintiff alleged that she had "retained defendant to represent her in the sale of a house at 21-54 44th Drive, Long Island City, New York", that "the sale occurred on July 13, 1983" and that "[p]laintiff was not present at the closing of said transaction, except by ROLANDO LUGO, an employee of defendant, her attorney in fact". She further alleged in that action that "the house sold for $65,000 of which $4,592.82 was applied to satisfy a first mortgage, $379.30 was used for title charges and $250 was taken in a franchise tax escrow, leaving a balance of $59,777.88 which the defendant retained". The plaintiff also alleged that she had received

$21,000 from the defendant and that the "defendant has failed and refused to pay over to the plaintiff the remaining sum in his possession of $38,777.88 despite due demands thereafter".

The plaintiff obtained a judgment in that action against her former attorney. Under such circumstances, the plaintiff is bound by her position in the 1986 case and may not now, in a separate action, claim that the sale and deed are invalid and seek to set the sale aside *(see, Kimco of N. Y. v Devon, supra; Matter of Schmerer ex rel. Kahn v Kahn,* 137 AD2d 758; *Greven v Muir,* 128 AD2d 753).

Accordingly, the order is affirmed insofar as appealed from, with costs.

KUNZEMAN, J. P., SULLIVAN and LAWRENCE, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.