■ MALCOLM HOENLEIN, Respondent, v GIZELLE KAPLAN (née Cohen), Appellant. [829 NYS2d 528]—

Order and judgment (one paper), Supreme Court, New York County (James A. Yates, J.), entered December 1, 2005, allowing petitioner to collect upon his money judgment against respondent judgment debtor up to the value of the proceeds of the sale of certain stock, determined that value to be $510,079, and directed turnover of that amount without interest, unanimously affirmed, with costs. Appeal from memorandum decision, same court and Justice, entered October 28, 2005, which granted the petition for turnover and denied respondent's motion to dismiss the petition as time-barred, unanimously dismissed, without costs, as taken from a nonappealable paper.

Dismissal of the petition on the ground that it was time-barred was properly denied as the action is governed by the 20-year limitations period for proceedings to enforce a judgment (CPLR 211 [b]). The court below properly found that petitioner's entitlement to the proceeds of the sale of stock is wholly independent of any underlying fraud by respondent. Thus, fraud is neither the essence of nor the basis for the remedy that petitioner seeks (*see Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 119-120 [1985], *affd* 67 NY2d 981 [1986]; *cf. Piedra v Vanover*, 174 AD2d 191 [1992]; *see also Sears, Roebuck & Co. v Enco Assoc.*, 43 NY2d 389, 395 [1977]). CPLR 5225 (b) does not require a petitioner to demonstrate that the third-party transferee committed fraud. Here, petitioner satisfied the statute by demonstrating that he had a claim to the proceeds of sale of the subject stock superior to that of respondent transferee (*see e.g. Miller v Doniger*, 28 AD3d 405 [2006]), after the 2004 order rendered the 1996 judgment and her resulting claim "invalid" (*see Matter of P.A. Bldg. Co. v Silverman*, 298 AD2d 327, 328 [2002]). Concur—Mazzarelli, J.P., Andrias, Gonzalez and Catterson, JJ.