■ BROOKLYN RESTORATIONS, LLC, Appellant, v SOUTH 1ST ST. DEVELOPMENT, LLC, Respondent. [12 NYS3d 245]—In an action to recover damages for trespass and for related declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), entered June 28, 2013, which, in effect, granted the defendant's motion pursuant to CPLR 6515 to cancel a notice of pendency on the condition that it post an undertaking in the amount of $500,000 within 20 days after the date of the order, unless within 10 days after the defendant's posting of such an undertaking, the plaintiff posted an undertaking in the amount of $250,000, and, in effect, granted the plaintiff's cross motion pursuant to CPLR 6513 to extend the duration of the notice of pendency only on the condition that the undertaking required by the de-

fendant was not posted, or that both required undertakings were posted.

Ordered that order is affirmed, with costs.

The plaintiff is the owner of certain real property located in Brooklyn, and the defendant is the owner of adjacent real property. After the defendant began construction of a condominium building on its property, the plaintiff commenced this action, inter alia, to recover damages for trespass and for an injunction directing the defendant to remove an alleged encroachment from the plaintiff's property. In connection with its commencement of the action, the plaintiff filed a notice of pendency against the defendant's property.

Subsequently, the defendant moved pursuant to CPLR 6515 to cancel the notice of pendency upon its filing of an undertaking. The plaintiff cross-moved pursuant to CPLR 6513 to extend the duration of the notice of pendency. In the order appealed from, the Supreme Court, in effect, granted the defendant's motion to cancel the notice of pendency on the condition that it post an undertaking in the amount of $500,000 within 20 days after the date of the order, unless within 10 days after the defendant's posting of such an undertaking, the plaintiff posted an undertaking in the amount of $250,000, and, in effect, granted the plaintiff's cross motion to extend the duration of the notice of pendency on the condition that the undertaking required by the defendant was not posted, or that both required undertakings were posted. The plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in directing "double bonding" (*Andesco, Inc. v Page*, 137 AD2d 349, 357 [1988]) pursuant to CPLR 6515 (2) (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 321-322 [1984]; *Sparks Assoc., LLC v North Hills Holding Co. II, LLC*, 74 AD3d 1183, 1184-1185 [2010]; *Brandstetter v Kramer*, 8 Misc 2d 718, 719 [Sup Ct, Queens County 1957]). Moreover, the Supreme Court providently exercised its discretion in setting the amount of the defendant's undertaking at $500,000 (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d at 324; *see also Purchase Real Estate Group, Inc. v Jones*, 489 F Supp 2d 345, 349-350 [SD NY 2007]; *cf. John H. Dair Bldg. Constr. Co. v Mayer*, 31 AD2d 835, 835 [1969]). Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.