State Farm Fire & Cas. Co. v Watts Water Tech., Inc. (2019 NY Slip Op 06816)





State Farm Fire & Cas. Co. v Watts Water Tech., Inc.


2019 NY Slip Op 06816


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-12090
 (Index No. 34436/15)

[*1]State Farm Fire and Casualty Company, as subrogee of Michael C. Berry and Sarah Uriarte Berry, respondent,
v
Watts Water Technologies, Inc., et al., appellants.


Melick & Porter, LLP, New York, NY (Jeremy I. Stein and Charles Gardner of counsel), for appellants.
The Stuttman Law Group, P.C., White Plains, NY (Joel S. Stuttman, Dennis D. Murphy, and Daniel W. Berglund, pro hac vice, of counsel), for respondent.



DECISION & ORDER
In a subrogation action to recover for damage to property based upon product liability, the defendants appeal from an order of the Supreme Court, Rockland County (Linda Christopher, J.), dated October 25, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was to compel arbitration.
ORDERED that the order is affirmed insofar as appealed from, with costs.
At all relevant times, the plaintiff, State Farm Fire and Casualty Company (hereinafter State Farm), and the defendants, Watts Water Technologies, Inc., and Watts Regulator Co., were members of "Arbitration Forums, Inc." (hereinafter AF), and signatories to AF's "Property Subrogation Arbitration Agreement" (hereinafter the agreement). Pursuant to the terms of the agreement, signatory companies were required to arbitrate property subrogation claims seeking to recover up to $100,000. After giving notice to its members in November 2014, AF amended the agreement, effective January 1, 2015, to exclude from compulsory arbitration product liability claims arising from an alleged defective product.
Meanwhile, on October 9, 2012, water allegedly damaged the house and personal property of Michael C. Berry and Sarah Uriarte Berry (hereinafter together the Berrys) as the result of a defective pressure regulator valve manufactured by the defendants. On April 12, 2013, after paying the Berrys' insurance claim for the damage to their property, State Farm sent a letter to the defendants seeking to recover from them the total claim amount of $9,418.83.
On October 6, 2015, State Farm commenced this product liability subrogation action against the defendants to recover the $9,418.83, plus interest. The defendants moved, inter alia, to compel arbitration. State Farm opposed the defendants' motion, and the Supreme Court denied the motion. The defendants appeal.
Contrary to defendants' contention, the agreement, as effective January 1, 2015, is clear on its face—signatory companies such as State Farm are not required to arbitrate a product liability claim arising from an alleged defective product. Thus, in October 2015, at which time both State Farm and the defendants remained signatories to the agreement, State Farm properly opted to [*2]commence this product liability subrogation action against the defendants rather than to submit the claim to arbitration, despite the fact that the subrogation claim accrued prior to January 1, 2015.
Even if the agreement, as effective January 1, 2015, was not clear as to whether or not product liability claims that accrued prior to that date remain subject to compulsory arbitration, the available extrinsic evidence suggests that it is the case filing date, not the claim accrual date, that is determinative. Specifically, the November 2014 "E-Bulletin" notifying AF members about the upcoming amendment to the agreement specifically states that "[w]hile the use of the Property Program to resolve disputes involving product liability claims arising from an alleged defective product will no longer be compulsory as of January 1, 2015, cases filed prior to January 1, 2015, will remain in arbitration's jurisdiction." By identifying only cases filed prior to January 1, 2015, as still subject to compulsory arbitration, AF implicitly rejected the accrual date of the claim as the critical point in time in determining whether a product liability claim remains subject to arbitration under the agreement (see State Farm General Ins. Co. v Watts Regulator Co. , 17 Cal App 5th 1093, 1101-1103).
There is no merit to the defendants' contention that State Farm should be judicially estopped from refusing to arbitrate the subject claim (cf. Piedra v Vanover , 174 AD2d 191, 197).
The defendants' remaining contentions are without merit. Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was to compel arbitration (see State Farm General Ins. Co. v Watts Regulator Co. , 17 Cal App 5th at 1101-1103; see also Watts Water Technologies v State Farm Fire & Casualty Co. , 66 NE3d 983 [Ind Ct App]; State Farm Fire and Cas. Co. v Watts Regulator Co. , 63 NE3d 304, 2016 IL App [2d] 160275).
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court