Matter of Hersh (2021 NY Slip Op 05563)





Matter of Hersh


2021 NY Slip Op 05563


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE. P.J.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-00059

[*1]In the Matter of George Hersh, deceased. Esther Rachel Hersh, respondent; Mark Hersh, et al., appellants. (File No. 4035E/07)


Gusrae Kaplan Nusbaum PLLC, New York, NY (Ryan J. Whalen of counsel), for appellants.
T. Kevin Murtha & Associates, P.C., Westbury, NY (William Bird III of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Esther Rachel Hersh, as executor of the estate of George Hersh, petitioned, inter alia, to disclose and recover certain assets alleged to be part of the decedent's estate, Mark Hersh, GM Canmar Residence Corp., 611 West 112th Street Realty Corp., and 611 Colonial, Inc., appeal from an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated October 25, 2017. The order, insofar as appealed from, (1) denied their motion for leave to renew that branch of their prior motion which was for summary judgment dismissing the fraud cause of action, which had been denied in an order of the same court dated June 27, 2013, and (2), upon granting that branch of the petitioner's cross motion which was for leave to renew, in effect, vacated the determination in an order of the same court dated October 1, 2012, denying the petitioner's prior motion for summary judgment on the cause of action for the return of $266,900 contained in certain bank accounts jointly owned by Mark Hersh and the estate of George Hersh, thereupon granted the petitioner's prior motion, and, in effect, severed that cause of action.
ORDERED that the appeal from so much of the order dated October 25, 2017, as denied the motion of Mark Hersh, GM Canmar Residence Corp., 611 West 112th Street Realty Corp., and 611 Colonial, Inc., for leave to renew that branch of their prior motion which was for summary judgment dismissing the fraud cause of action is dismissed; and it is further,
ORDERED that the order dated October 25, 2017, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner payable by the appellants.
The appeal from so much of the order dated October 25, 2017, as denied the motion of Mark Hersh, GM Canmar Residence Corp., 611 West 112th Street Realty Corp., and 611 Colonial, Inc., for leave to renew that branch of their prior motion which was for summary judgment dismissing the fraud cause of action must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in this proceeding (Matter of Hersh, ___ AD3d ___ [*2][Appellate Division Docket No. 2019-01182; decided herewith]; see Matter of Aho, 39 NY2d 241, 248).
George Hersh (hereinafter George) died on July 24, 2007. His widow, the petitioner, Esther Rachel Hersh, as executor of his estate (hereinafter the estate), commenced this proceeding, inter alia, to disclose and recover certain assets which allegedly belonged to the estate (hereinafter the discovery proceeding). The discovery proceeding was commenced against, among others, their son, Mark Hersh (hereinafter Mark), GM Canmar Residence Corp., 611 West 112th Street Realty Corp., and 611 Colonial, Inc. (hereinafter collectively the respondent entities; hereinafter together with Mark, the respondents). At the time of George's death, the respondent entities were co-owned by George and Mark in connection with the family's real estate business. In addition to seeking the return of certain property allegedly belonging to the estate, the amended petition also sought, inter alia, ownership interests in the respondent entities based on allegations that Mark had perpetrated a fraud against the estate and mismanaged the respondent entities. By order dated June 27, 2013, the Surrogate's Court denied the respondents' pre-answer motion for summary judgment dismissing the amended petition. Subsequently, the respondents answered the amended petition and asserted six counterclaims against the estate, sounding in breach of contract and unjust enrichment. Thereafter, the respondents cross-moved for leave to renew that branch of their prior motion which was for summary judgment dismissing the fraud cause of action, and that cross motion was denied in an order dated June 29, 2015.
Following the petitioner's deposition, the respondents again moved for leave to renew that branch of their prior motion which was for summary judgment dismissing the fraud cause of action, which had been denied in the June 27, 2013 order. The petitioner cross-moved, inter alia, for leave to renew her prior summary judgment motion, and upon renewal, inter alia, for summary judgment on the cause of action for the return of $266,900, representing 109 checks that had been payable to "G. Hersh" but that allegedly were signed and deposited by Mark into bank accounts for the respondent entities mostly after George's death.
By order dated October 25, 2017, the Surrogate's Court, inter alia, granted that branch of the petitioner's cross motion which was for leave to renew, and thereupon, in effect, vacated the determination in an order dated October 1, 2012, denying that branch of the petitioner's prior motion which was for summary judgment on the cause of action for the return of $266,900, granted that branch of the petitioner's prior motion, and, in effect, severed that cause of action. The respondents appeal.
Upon the petitioner's cross motion, inter alia, for leave to renew, the Surrogate's Court properly, upon renewal, inter alia, granted the petitioner's prior motion for summary judgment on the cause of action to direct Mark to return the sum of $266,900 to the estate for allegedly forged checks. Forgery is the "fraudulent making of a writing to the prejudice of another's rights . . . or the making malo animo of any written instrument for the purpose of fraud and deceit" (Piedra v Vanover, 174 AD2d 191, 194 [internal quotation marks omitted]; see Marden v Dorthy, 160 NY 39, 53). Here, the petitioner established her prima facie entitlement to judgment as a matter of law on the cause of action to direct Mark to return $266,900 to the estate through her submission of copies of the 109 checks at issue, as well as Mark's sworn affidavit, in which he admitted to endorsing George's name on the relevant checks both before and after George died and then depositing the funds into accounts jointly owned by George and Mark. The petitioner also proffered evidence demonstrating that the checks were distributions based upon George's specific ownership interests in the respondent entities, as opposed to ownership interests shared by Mark and George. According to Mark's affidavit, submitted by the petitioner in support of the cross motion, Mark admitted that from July 2007 through 2011, he continued to sign George's name to checks payable to George, as he had done before George's death. Based on this evidence, the petitioner established that Mark's conduct constituted the fraudulent making of a writing to the prejudice of another's rights (see Marden v Dorthy, 160 NY at 53; Piedra v Vanover, 174 AD2d at 194).
In opposition, the respondents failed to raise a triable issue of fact. The respondents' contention that because the forgery was one small part of an alleged "fraudulent scheme," the [*3]petitioner was not entitled to summary judgment on this cause of action since all elements of fraud were not established, as opposed to merely the elements of a forgery, is without merit. Forgery is simply one "species" under the broader genus of fraud (Piedra v Vanover, 174 AD2d at 194). By improperly signing checks that were payable to his deceased father, and depositing those checks into bank accounts jointly owned by Mark and George, Mark fraudulently made a writing to the prejudice of the estate's rights, and made malo animo a written instrument for the purpose of fraud and deceit (see Marden v Dorthy, 160 NY at 53; Piedra v Vanover, 174 AD2d at 194). Accordingly, upon renewal, the Surrogate's Court properly granted the petitioner's prior motion for summary judgment on the cause of action for the return of $266,900.
In light of our determination, we need not reach the parties' remaining contentions.
LASALLE, P.J., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court