Jay Novelty, Inc. v S.K. Newsstand, LLC (2023 NY Slip Op 00079)

Jay Novelty, Inc. v S.K. Newsstand, LLC

2023 NY Slip Op 00079

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-05638 
2020-05963
 (Index No. 9727/14)

[*1]Jay Novelty, Inc., et al., respondents,
v
S.K. Newsstand, LLC, et al., appellants. Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellants.

Gordon & Gordon, P.C., Forest Hills, NY (Jason S. Matuskiewicz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the defendants appeal from (1) an order of the Supreme Court, Kings County (Peter P. Sweeney, J), dated May 26, 2020, and (2) a judgment of the same court dated July 22, 2020. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside so much of a jury verdict as was in favor of the plaintiffs and against the defendant Ushakant Patel and for judgment as a matter of law dismissing the complaint insofar as asserted against the defendant Ushakant Patel, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs. The judgment, upon the jury verdict and the order, is in favor of the plaintiffs and against the defendant Ushakant Patel in the principal sum of $334,000.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs commenced this action, inter alia, to recover damages for fraud. After a jury trial, the jury found that the plaintiff Indira Patel (hereinafter Indira) did not authorize the defendant Ushakant Patel (hereinafter Ushakant) to sign her name on transfer documents which operated to transfer a lease for certain property located in Brooklyn, and the business located on that property, to the defendant S.K. Newsstand, LLC (hereinafter S.K. Newsstand). The jury further found that the plaintiffs suffered damages as a result of Ushakant signing his name to the transfer documents and awarded the plaintiffs the sum of $286,000, representing the value of the business at the time it was transferred to S.K. Newsstand in 2008, and the sum of $50,000, which was the amount of the security deposit paid by Indira for the lease that was transferred to S.K. Newsstand. [*2]The jury also awarded Ushakant the sum of $2,000 on his counterclaim to recover damages for unjust enrichment. Thereafter, the defendants moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the plaintiffs and against Ushakant and for judgment as a matter of law dismissing the complaint insofar as asserted against Ushakant, and pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs. The Supreme Court denied those branches of the defendants' motion and entered judgment in favor of the plaintiffs and against Ushakant in the principal sum of $334,000.
"A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering the motion for judgment as a matter of law, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Hamilton v Rouse, 46 AD3d 514, 516).
Here, viewing the evidence in the light most favorable to the plaintiffs, the jury had a rational basis for finding that Indira did not authorize Ushakant to sign her name on the transfer documents. Contrary to the defendants' contention, forgery is simply one "species" under the broader genus of fraud (Piedra v Vanover, 174 AD2d 191, 194; see Matter of Hersh, 198 AD3d 763, 765; Bank of Am., N.A. v Adolphus, 177 AD3d 503, 504).
Affording the plaintiffs the benefit of every inference that may properly be found from the evidence presented and considering the evidence in a light most favorable to them (see Morgan-Word v New York City Dept. of Educ., 161 AD3d 1065, 1068), the jury had a rational basis for awarding the plaintiffs the sum of $50,000, which was the amount that Indira paid the owner of the property as a security deposit on the lease that was fraudulently transferred to S.K. Newsstand.
Further, the jury had a rational basis for awarding the plaintiffs the sum of $286,000, representing the value of the business at the time it was fraudulently transferred to S.K. Newsstand. Indira testified that, in 2003, she received two offers to purchase the business, one of which was for the sum of $280,000. She received a deposit or deposits from two prospective buyers in the sum of $10,000. One of the prospective buyers could not obtain a mortgage, and therefore forfeited the deposit. Indira testified that Ushakant was helping her to sell the business. The defendants did not object to Indira's testimony regarding the offers she received, and Ushakant did not rebut her testimony in regards to his own involvement in the attempt to sell the business. The Supreme Court properly determined that in calculating the plaintiffs' measure of damages for the loss of the business, the jury may consider what a willing purchaser, in an arm's length transaction, offered her for the business (see generally Matter of Seagroatt Floral Co. [Riccardi], 78 NY2d 439, 445; Matter of Blake v Blake Agency, 107 AD2d 139).
The Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions against the plaintiffs. Here, nothing in the record demonstrates that the plaintiffs' conduct, or that of their attorney, was frivolous within the meaning of 22 NYCRR 130-1.1(c) (see Bishop v Bishop, 170 AD3d 642; Licalzi v Wells Fargo Bank, N.A., 125 AD3d 942).
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court