American Premium Realty Group, LLC v 37-19 Realty, Inc. (2025 NY Slip Op 06301)

American Premium Realty Group, LLC v 37-19 Realty, Inc.

2025 NY Slip Op 06301

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-09433
2023-01955
2023-08075
2023-10378
 (Index No. 532019/21)

[*1]American Premium Realty Group, LLC, respondent,
v
37-19 Realty, Inc., et al., defendants, WLGT Holdings, LLC, appellant; EA 8th Ave., LLC, et al., nonparties-appellants.

Schwartz Sladkus Reich Greenberg Atlas LLP (Abrams Fensterman, LLP, New York, NY [Daniel S. Atler, Jeffrey A. Cohen, Aaron Zucker, and Lisa Colosi Florio], of counsel), for appellant and Abrams Fensterman, LLP, New York, NY (Daniel S. Atler, Jeffrey A. Cohen, Aaron Zucker, and Lisa Colosi Florio of counsel) for nonparties-appellants (one brief filed).
Cotter Law Group, Manhasset, NY (Scott B. MacLagan and Jesse C. Cotter of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance and to recover damages for fraud and conspiracy to commit fraud, the defendant WLGT Holdings, LLC, appeals from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 6, 2022, (2) an order of the same court dated December 23, 2022, and (3) an order of the same court dated August 24, 2023, and nonparties EA 8th Ave., LLC, AA 8th Ave., LLC, and Eight Ave. VA, LLC, appeal from an order of the same court dated August 17, 2023. The order dated October 6, 2022, insofar as appealed from, denied those branches of the motion of the defendant WLGT Holdings, LLC, which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and conspiracy to commit fraud and to cancel a notice of pendency. The order dated December 23, 2022, insofar as appealed from, in effect, upon renewal and reargument, vacated so much of the order dated October 6, 2022, as denied that branch of the prior motion of the defendant WLGT Holdings, LLC, which was to cancel the notice of pendency, and thereupon granted that branch of the prior motion only to the extent of directing cancellation of the notice of pendency upon that defendant's posting of an undertaking in the amount of $20,500,000. The order dated August 24, 2023, insofar as appealed from, denied that branch of the motion of the defendant WLGT Holding, LLC, which was to replace the $20,500,000 undertaking requirement imposed upon it with a new undertaking not to exceed $10,000,000. The order dated August 17, 2023, insofar as appealed from, denied that branch of the motion of nonparties EA 8th Ave., LLC, AA 8th Ave., LLC, and Eight Ave. VA, LLC, which was to replace the $20,500,000 undertaking requirement imposed upon the defendant WLGT Holdings, LLC, with a new undertaking not to exceed $10,000,000.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of [*2]costs.
In September 2021, the defendant 37-19 Realty, Inc. (hereinafter 37-19 Realty), and the defendant 62-08 Realty, LLC (hereinafter 62-08 Realty), co-owned certain property located in Brooklyn (hereinafter the subject property). 37-19 Realty owned 25% of the subject property, while 62-08 Realty owned 75% of the subject property. Two separate entities, the defendant Yang168 Realty, LLC (hereinafter Yang168 Realty), and the defendant 62-08 8Ave, LLC (hereinafter 62-08 8Ave), together held a 27.934% interest in 62-08 Realty. On or about September 28, 2021, the plaintiff and 37-19 Realty, Yangl68 Realty, and 62-08 8Ave (hereinafter collectively the sellers), entered into a purchase agreement for the plaintiff to purchase 37-19 Realty's 25% interest in the subject property, as well as the combined 27.934% interest of Yangl68 Realty and 62-08 8Ave in 62-08 Realty. The purchase agreement, inter alia, provided that, in consideration for payment of a $500,000 deposit and, upon the signing of the purchase agreement, "(i) the Purchaser and [37-19 Realty] shall execute and deliver to the title company for recording, a Memorandum of Contract, which shall be recorded against the Property at [37-19 Realty's] sole cost and expense, (ii) all members of the Sellers shall execute and deliver a personal guaranty to Purchaser for the return of the Deposit in the event the Deposit is owed back to the Purchaser pursuant to the terms hereof; [and] (iii) the Purchaser shall have the right to file a UCC-1 securing the [Yang168 Realty] Interest and the 62-08 [8Ave] Interest." The purchase agreement further provided that "[i]n the event the Sellers default under this Agreement, or enter into an agreement to sell any of the Property or Company membership interest described herein to another party, or convey same to any party other than Purchaser, Sellers shall (i) immediately return the Deposit to Purchaser, together with a penalty in the amount of $20,000,000. Upon payment of same, Purchaser shall record a Termination of Memorandum of Contract, and UCC Termination, if necessary."
A memorandum of contract between 37-19 Realty and the plaintiff set forth, among other things, that 37-19 Realty had agreed to sell and convey, and the plaintiff had agreed to purchase, 25% of the subject property pursuant to the purchase agreement and that the deposit remitted by the plaintiff was made a lien on the subject property until a termination of memorandum of contract was filed. The memorandum of contract was duly recorded. Thereafter, a termination of memorandum of contract dated November 18, 2021, was recorded on December 10, 2021. The termination of memorandum of contract set forth that the purchase agreement and the memorandum of contract were each terminated and of no further force and effect and directed that the memorandum of contract be terminated and discharged and expunged from the public record. The termination of memorandum of contract purportedly was signed for the plaintiff by Elizabeth Chen. By deed dated November 18, 2021, and recorded on December 10, 2021, 37-19 Realty sold its 25% interest in the subject property to the defendant WLGT Holdings, LLC (hereinafter WLGT).
The plaintiff commenced this action, inter alia, for specific performance and to recover damages for fraud and conspiracy to commit fraud. The complaint alleged, among other things, that Chen's signature on the termination of memorandum of contract was forged, and it sought damages and a judgment setting aside the fraudulent and void transfer of 37-19 Realty's 25% interest in the subject property to WLGT. A notice of pendency was filed. In an order dated October 6, 2022, the Supreme Court, inter alia, denied those branches of WLGT's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and conspiracy to commit fraud and to cancel the notice of pendency. In an order dated December 23, 2022, the court, among other things, in effect, upon renewal and reargument, granted that branch of WLGT's prior motion which was to cancel the notice of pendency only to the extent of directing cancellation of the notice of pendency upon WLGT's posting of an undertaking in the amount of $20,500,000. In an order dated August 24, 2023, the court, inter alia, denied that branch of WLGT's motion which was to replace the $20,500,000 undertaking requirement imposed on it with a new undertaking not to exceed $10,000,000. WLGT appeals from the orders dated October 6, 2022, December 23, 2022, and August 24, 2023.
Nonparties EA 8th Ave., LLC, AA 8th Ave., LLC, and Eight Ave. VA, LLC, (hereinafter collectively the nonparty investors) procured a five percent interest in the subject property from WLGT in November 2022. In an order dated August 17, 2023, the Supreme Court, [*3]among other things, denied that branch of the nonparty investors' motion which was to replace the $20,500,000 undertaking requirement imposed on WLGT with a new undertaking not to exceed $10,000,000. The nonparty investors appeal from the order dated August 17, 2023.
"The elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559; see New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353). "A claim rooted in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559; see City of Long Beach v Agostisi, 221 AD3d 776, 779). The purpose of CPLR 3016(b) is to inform a defendant of the complained of incidents, and the statute "should not be so strictly interpreted as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559 [internal quotation marks omitted]; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491). Thus, "CPLR 3016(b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d at 559 [internal quotation marks omitted]; see Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 492).
"Forgery is the fraudulent making of a writing to the prejudice of another's rights . . . or the making malo animo of any written instrument for the purpose of fraud and deceit" (Matter of Hersh, 198 AD3d 763, 765 [internal quotation marks omitted]; see Piedra v Vanover, 174 AD2d 191, 194). "[F]orgery is simply one species under the broader genus of fraud" (Jay Novelty, Inc. v S.K. Newsstand, LLC, 212 AD3d 603, 605 [internal quotation marks omitted]; see Piedra v Vanover, 174 AD2d at 194).
"Although an independent cause of action for civil conspiracy is not recognized in this State, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort and establish that those actions were part of a common scheme" (B & H Flooring, LLC v Folger, 228 AD3d 809, 812 [internal quotation marks omitted]; see Faulkner v City of Yonkers, 105 AD3d 899, 900). "[U]nder New York law, [i]n order to properly plead a cause of action to recover damages for civil conspiracy, the plaintiff must allege a cognizable tort, coupled with an agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement" (B & H Flooring, LLC v Folger, 228 AD3d at 812 [internal quotation marks omitted]; see Blanco v Polanco, 116 AD3d 892, 896).
Here, the allegations in the complaint give rise to a reasonable inference of fraud and conspiracy to commit fraud (see CPLR 3016; Pludeman v Northern Leasing Sys., Inc., 10 NY3d at 493). Accordingly, the Supreme Court properly denied those branches of WLGT's motion which were pursuant to CPLR 3211(a) to dismiss those causes of action.
Prior to December 14, 2023, a notice of pendency could be filed only when "the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (former CPLR 6501; see Whelan v Busiello, 219 AD3d 778, 779; Delidimitropoulos v Karantinidis, 142 AD3d 1038, 1039). "When the court entertains a motion to cancel a notice of pendency in its inherent power to analyze whether the pleading complies with CPLR 6501, it neither assesses the likelihood of success on the merits nor considers material beyond the pleading itself; the court's analysis is to be limited to the pleading's face" (Mallek v Felmine, 227 AD3d 977, 978 [internal quotation marks omitted]; see Delidimitropoulos v Karantinidis, 142 AD3d at 1039). "However, in light of the potentially harsh consequences and relative ease of filing a notice of pendency, the courts should apply a narrow interpretation in reviewing whether an action is one affecting the title to, or the possession, use or enjoyment of, real property" (Whelan v Busiello, 219 AD3d at 779-780 [internal quotation marks omitted]; see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313, 321).
Here, on its face, the complaint seeks relief that would affect the title to, or the possession, use or enjoyment of, real property (see Malekan v 701-709 Chester St, LLC, 139 AD3d [*4]913, 914; Re-Poly Mfg. Corp. v Dragonides, 109 AD3d 532, 535). Specifically, a cause of action for specific performance of a contract to convey land affects the title to, or possession, use, or enjoyment of, real property (see Malekan v 701-709 Chester St, LLC, 139 AD3d at 914; Re-Poly Mfg. Corp. v Dragonides, 109 AD3d at 535). The plaintiff asserted, inter alia, a cause of action for specific performance of the purchase agreement. Although, in determining WLGT's motion, among other things, pursuant to CPLR 3211(a) to dismiss the complaint, the Supreme Court purportedly directed dismissal of the first cause of action, for specific performance of the purchase agreement, that cause of action was not asserted against WLGT. Rather it was asserted only against WLGT's codefendants. Thus, the cause of action for specific performance of the purchase agreement remained pending against the codefendants who did not move to dismiss the complaint (see F & T Mgt. & Parking Corp. v Flushing Plumbing Supply Co., Inc., 68 AD3d 920, 924; St. Patrick's Home for Aged and Infirm v Laticrete Intl., 264 AD2d 652, 658). Moreover, the causes of action sounding in fraud could ultimately result in the termination of memorandum of contract being declared void and the memorandum of contract remaining in the chain of title, and such could provide a basis for the notice of pendency (see CPLR 6501). Further, the memorandum of contract provided, inter alia, that the plaintiff's deposit was made a lien on the property until a termination of memorandum of contract was filed (see Carpio v Morris, 223 AD3d 781, 783-784).
Pursuant to CPLR 6515(1), the court may direct the county clerk to "cancel a notice of pendency, upon such terms as are just, whether or not the judgment demanded would affect specific real property, if the moving party shall give an undertaking in an amount to be fixed by the court, and if . . . the court finds that adequate relief can be secured to the plaintiff by the giving of such an undertaking." The fixing of the amount of the undertaking is a matter within the sound discretion of the Supreme Court (see Brooklyn Restorations, LLC v South 1st St. Dev., LLC, 129 AD3d 1010, 1011).
Here, the Supreme Court providently exercised its discretion in directing WLGT to post an undertaking in the sum of $20,500,000 to secure the plaintiff's interests and, thereafter, in declining to reduce that sum (see CPLR 6515[1]; Hakmon v 244 E. 48th St. Dev., LLC, 188 AD3d 460, 461; Brooklyn Restorations, LLC v South 1st St. Dev., LLC, 129 AD3d at 1011).
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court